# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.C.**

**No. 18-0599** (Mercer County 17-JA-212-MW)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.C., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's March 16, 2018, order terminating his parental, custodial, and guardianship rights to K.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), P. Michael Magann, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights when the mother was participating in an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the instant proceedings, the DHHR filed an abuse and neglect petition against petitioner and the mother in April of 2016, alleging that they abused another child, P.A., due to instances of domestic violence and drug abuse.[2] Petitioner, the mother's boyfriend, is not P.A.'s biological father. Petitioner stipulated to the allegations contained in the petition and was granted a post-adjudicatory improvement period in June of 2016. Petitioner failed to comply with his post-adjudicatory improvement period.

Subsequent to the adjudicatory hearing, petitioner was arrested and charged with attempt to commit a felony and conspiracy, tested positive for cocaine following his release from incarceration, and had a mental hygiene petition filed against him. The DHHR requested that petitioner be ordered to undergo a psychological evaluation. The circuit court granted the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]P.A. is not at issue on appeal.

1

DHHR's request and extended petitioner's improvement period. In March of 2017, the circuit court was advised that petitioner was arrested and incarcerated for a hit-and-run accident and driving with a suspended license. Petitioner was released and placed on home incarceration, but was arrested again because he violated the terms of his home incarceration. The circuit court held a dispositional hearing in June of 2017, wherein it terminated petitioner's custodial rights to P.A. Petitioner appealed the circuit court's order and this Court affirmed the termination of his custodial rights by memorandum decision. *See In re P.A.*, No. 17-0704, 2018 WL 1040384 (W.Va. Feb. 23, 2018) (memorandum decision).

Approximately one month after petitioner's custodial rights to P.A. were terminated, the mother gave birth to K.C., the only child at issue on appeal. Paternity testing established that petitioner was the father and a "supplemental" child abuse and neglect petition was filed against him in August of 2017. The DHHR alleged that petitioner's custodial rights to P.A. had been terminated due to his failure to follow through with a reasonable family case plan.

The circuit court held an adjudicatory hearing in November of 2017. A DHHR worker testified that petitioner had not resolved his substance abuse issues after being granted services in the prior proceedings and that the unresolved substance abuse issues negatively impacted his parenting ability. Petitioner testified that he entered a substance abuse treatment program shortly after K.C.'s birth, but left against medical advice after he was allegedly told that he did not have a bed. Petitioner stated that he immediately entered into a second treatment program and was still enrolled there at the time of the adjudicatory hearing. After hearing evidence, the circuit court adjudicated petitioner as an abusing parent.

In March of 2018, the circuit court held a dispositional hearing. A DHHR worker testified that petitioner had not addressed his substance abuse issues since the prior proceedings, failed to attend any multidisciplinary team meetings following the adjudicatory hearing, failed to maintain contact with the DHHR worker, failed to visit the child, and recently pled guilty to drug possession and obstructing an officer charges. After hearing evidence, the circuit court concluded that petitioner's substance abuse issues persisted and that he chose drugs over the child. Finding that it was in the child's best interests, the circuit court terminated petitioner's parental, custodial, and guardianship rights. It is from the March 16, 2018, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

---

[3]Petitioner's parental, custodial, and guardianship rights to K.C. were terminated below. The mother successfully completed her improvement period and the petition against her was dismissed. The permanency plan for K.C. is to remain in her care.

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when the mother was still participating in an improvement period. According to petitioner, had the circuit court waited until the mother finished her improvement period, it could have terminated only his custodial and guardianship rights in order to achieve permanency for the child. As such, petitioner avers that the circuit court failed to employ the least-restrictive alternative available. We disagree.

Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have previously held

simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve.

*In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000).

Here, the record demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Petitioner's custodial rights to P.A. were terminated due to his failure to address his substance abuse problem through his family case plan. Only one month later, petitioner's biological child was born. Having so recently been involved in child abuse and neglect proceedings, petitioner knew that he needed to address his substance abuse issue, but failed to do so. Petitioner entered into a substance abuse treatment program but left against medical advice. Thereafter, he entered a second program but, according to the DHHR worker, was not enrolled at the time of the dispositional hearing. Moreover, petitioner failed to maintain contact with the DHHR, attend MDT meetings, or visit with the child. As such, it is clear that, despite the mother's compliance, petitioner failed to address the issues of abuse and neglect. We have long held that finding one parent to be a fit and

proper caretaker does not entitle the other parent to retention of their parental rights. *See Emily*, 208 W.Va. at 344, 540 S.E.2d at 561.

To the extent that petitioner argues that he should have been granted a less-restrictive alternative, we note that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find that the circuit court did not err in terminating petitioner's parental rights and further find that he is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 16, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment